IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAR 1 5 2005

| | | |
|---|---|---|
| WILLIAM ALLEN LATHAM, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-03-5100 |
| DOUGLAS DRETKE, | § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

Petitioner William Allen Latham, represented by counsel, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for aggravated sexual assault of a child. Respondent filed a motion for summary judgment (Docket Entry No. 6), to which petitioner has filed a response (Docket Entry No. 11).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court grants respondent's motion for summary judgment, and dismisses this case.

### I. Background

In 1993, petitioner pleaded no contest to charges of aggravated sexual assault of a child under cause number 643305 in the 183rd District Court of Harris County, Texas. Pursuant to a plea bargaining agreement, the trial court deferred adjudication of guilt and placed petitioner on community supervision for seven years. In December of 1999, the State filed a motion to adjudicate guilt. Following a hearing, the trial court adjudicated petitioner's guilt and sentenced him to life imprisonment. Petitioner's appeal of the court's

decision to adjudicate guilt was dismissed for want of jurisdiction, and the conviction was affirmed. *Latham v. State*, No. 14-01-0562-CR (Tex. App. – Houston [14th Dist.] 2002, no pet.) (not designated for publication). Petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals on September 3, 2003. *Ex parte Latham*, Application No. 56,254-01, at cover.

Petitioner filed this federal petition on November 7, 2003, complaining that the trial court should not have adjudicated his guilt, and that it should have considered reinstating his probation instead of sentencing him to life imprisonment. Petitioner presents the following grounds for habeas relief:

(1)  trial counsel was ineffective in

   (a)  failing to object to the State's use of facts outside the record;

   (b)  failing to competently represent him;

   (c)  failing to timely introduce evidence regarding reinstatement of his probation; and

   (d)  failing to object to inadmissible extraneous offense evidence.

(2)  the trial court erred in precluding counsel from offering testimony in favor of reinstating probation.

(3)  there was insufficient evidence to support the decision to adjudicate guilt.

(4)  the trial court denied petitioner due process by refusing to consider reinstatement of his probation.

(5)  denial of counsel at the motion for new trial stage.

Respondent moves for summary judgment, and argues that petitioner's habeas grounds are procedurally defaulted and without merit as a matter of law.

## II. The Applicable Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to this petition. The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect, to the extent possible under the law, by limiting the scope of collateral review and raising the standard for federal habeas relief. *Bell v. Cone*, 535 U.S. 685, 693 (2002); *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state court adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1) and (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. The "unreasonable

3

application" standard requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31. These standards will be applied to the pending motion for summary judgment.

### III. Sufficiency of the Evidence to Support Adjudication of Guilt

Petitioner argues that the evidence is insufficient to support the trial court's decision to adjudicate his guilt. The state court dismissed petitioner's sufficiency challenge on direct appeal, noting that under state law, such arguments are impermissible appeals of a trial court's decision to adjudicate guilt. *Ex parte Latham*, p. 71. The state court on collateral review likewise rejected petitioner's challenge, and made the following relevant finding:

> 2. [Petitioner's] challenge to the sufficiency of the evidence supporting the adjudication of [his] guilt need not be considered because challenges to the sufficiency of the evidence are not cognizable on habeas and the trial court had absolute and non-reviewable discretion in adjudicating [petitioner's] guilt.

4

*Ex parte Latham*, p. 60 (citations omitted). State law limitations on petitioner's right to challenge his statutory adjudication of guilt constitute adequate and independent state grounds that procedurally bar federal habeas review of petitioner's claim. *See, e.g., Wheat v. Johnson*, 238 F.3d 357, 360 (5th Cir. 2001). Habeas relief is denied under this ground.

### IV. Trial Court Error at Punishment Phase

Petitioner claims that the trial court erred and denied him due process at the punishment hearing by precluding counsel from offering testimony in favor of reinstating probation, and in refusing to consider a continuation of his probation. The state court on direct appeal rejected these arguments for the following reasons:

> The court was statutorily prohibited from considering reinstatement of probation as an appropriate sentence at the punishment phase. Under Article 42.12, section 3(g) of the Texas Code of Criminal Procedure, judge-ordered community supervision is unavailable to a defendant adjudged guilty of certain offenses, including aggravated sexual assault. Appellant had been adjudged guilty of the offense of aggravated sexual assault of a child. Therefore, reinstating probation was not an option.

*Ex parte Latham*, p. 69 (citations omitted). Petitioner's claims were also rejected by the state court on collateral review, which made the following relevant findings:

> 3. [Petitioner's] allegation that the trial court denied [him] due process in refusing to consider the full range of punishment need not be considered because this allegation was raised on direct appeal and rejected by the Court of Appeals.
>
> 4. In the alternative, the trial court did not deny [petitioner] due process in refusing to consider the full range of punishment because the trial court was prohibited from placing [him] on probation after adjudicating his guilt for the offense of aggravated sexual assault.

5

*Ex parte Latham*, p. 60 (citations omitted). Petitioner's claims raise arguments that were determined under interpretation and application of state law by the state courts. In federal habeas proceedings, the court does not sit in review of a state court's interpretation of its own law. *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). To the extent petitioner claims that the trial court could have continued his community supervision by refusing to adjudicate his guilt, such an argument complains of the trial court's exercise of absolute discretion under state law, and presents no federal constitutional issue. No evidence is presented showing that the trial court arbitrarily refused to consider reinstatement of community supervision. If, as suggested by petitioner, the trial court erred in stating that probation could not be continued or reinstated, then such error was a matter of state law, not federal constitutional law. Petitioner does not argue that his sentence was outside the available range, but that a lesser punishment was available and should have been considered. Petitioner fails to show that the state court determinations were objectively unreasonable or were contrary to clearly established Supreme Court precedent, and no grounds for federal habeas relief are shown.

## V. Denial of Counsel at Motion for New Trial Stage

Petitioner further claims that he was denied his right to counsel for purposes of filing a motion for new trial. The state courts on collateral review and direct appeal rejected this argument, finding that although petitioner was entitled to counsel under state law, he failed to show any harm. The state court on collateral review found that, "Since [petitioner] could create a record and present allegations of ineffective assistance of counsel [on collateral

review], [he] fails to show that he was harmed by the alleged denial of assistance of counsel in the motion for new trial stage." *Ex parte Latham*, p. 60. The state court on direct appeal noted that petitioner had the right under state law to file a state habeas application raising ineffective assistance of counsel in absence of a motion for new trial. *Ex parte Latham*, p. 71.

The Fifth Circuit has not yet determined whether the right to counsel attaches on a motion for new trial. *See Mayo v. Cockrell*, 287 F.3d 336, 339-40 & n.3 (5th Cir. 2002). The Supreme Court also has not addressed this issue. Petitioner fails to show that the state court determinations were objectively unreasonable or were contrary to clearly established Supreme Court precedent. Regardless, petitioner had an opportunity to create a record and present his claims of ineffective assistance of counsel on collateral review, and no grounds for federal habeas relief are shown.

## VI. Ineffective Assistance of Counsel

Petitioner contends that trial counsel was ineffective in (a) failing to object to the State's use of facts outside the record; (b) failing to competently represent him; (c) failing to timely introduce evidence regarding reinstatement of his probation; and (d) failing to object to inadmissible extraneous offense evidence.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's actions fell below an objective standard of reasonableness and that petitioner suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668 (1984); *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001). The district court may resolve an ineffective

7

assistance claim if counsel either rendered reasonably effective assistance or no prejudice can be shown. A court evaluating such a claim need not address the reasonableness component first. If a petitioner fails to make one of the required showings, the court need not address the other. *Strickland*, 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the wide range of reasonable professional assistance and that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). As to the prejudice prong of the inquiry, a convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A conscious, informed decision on trial tactics and strategy cannot form the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness. *Moore v. Johnson*, 194 F.3d 586, 591-92 (5th Cir. 1999). It is petitioner's burden to overcome the presumption that the challenged conduct "might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002).

Petitioner's arguments were presented to and rejected by the state court on direct appeal, which held as follows:

> Appellant argues his counsel was ineffective for failing to object to allegedly improper statements made by the State during the punishment phase. Specifically, appellant asserts the prosecution's references to (1) statements contained in appellant's psychological report and (2) specific facts regarding the offense were improper because they were not in evidence and were not

supported by the record. Assuming the State's references were improper, appellant's argument still fails because appellant has failed to affirmatively prove he was prejudiced as a result of these errors.

In its closing argument at the punishment phase, the State directed the trial court's attention to a psychological report on appellant that was contained in the court's file. The State recited characterizations of appellant contained in the report that appellant is someone who '[was] preoccupied with sexuality, . . . experience[d] mixed sexual and aggressive feelings combined, . . . had sadistic impulses for which he felt no remorse, . . . [and] may take revenge on those who hurt him and has a potential for acute aggressive outbursts." Appellant's medical records were accompanied by an affidavit from the custodian of records. Although the State was prepared to introduce appellant's medical records under an exception to the rule excluding hearsay, it does not appear from the record that the State ever offered them. If appellant's trial counsel had objected to the State's reference, the State would have properly been permitted to introduce the records concerning appellant's psychiatric examination into evidence. Counsel is not required to perform futile acts. Therefore, appellant has not affirmatively shown he was prejudiced by his trial counsel's failure to object.

In closing argument at the punishment phase, the State asserted that the victim had stated that appellant 'stuffed a sock in her mouth and penetrated her between her legs with his penis.' The indictment to which appellant pleaded no contest reads: "[appellant] did . . . intentionally or knowingly cause the penetration of the mouth of [complainant], a person younger than fourteen years of age, with the sexual organ of the Defendant.' The State's allegation that appellant penetrated the complainant between her legs differs from the allegation in the indictment that appellant penetrated the victim's mouth. However, the trial court was presumptively aware of the indictment and appellant's stipulation that 'witnesses for the State. . . would testify that [these] acts were committed. . . and that they are true and correct.' If appellant's trial counsel had objected to the State's argument and the discrepancy between its statement and the indictment, the State could have read appellant's stipulation into evidence. Moreover, the trial court is aware of the charge in the indictment and would ignore such inaccurate statements. Appellant has failed to affirmatively prove he was prejudiced as a result of his trial counsel's failure to object to this statement.

Appellant's contention his counsel was ineffective because he waited until sentencing to ask the court to consider reinstating probation and failed to

9

offer (or was precluded by the court from offering) evidence to support reinstatement of probation is without merit. The court was statutorily prohibited from considering reinstatement of probation as an appropriate sentence at the punishment phase. Under [state law], judge-ordered community supervision is unavailable to a defendant adjudged guilty of certain offenses, including aggravated sexual assault. Appellant had been adjudged guilty of the offense of aggravated sexual assault of a child. Therefore, reinstating probation was not an option. Counsel's performance was not deficient because he failed to request a punishment that the trial court was prohibited from considering. Furthermore, appellant was not prejudiced by counsel's failure to request this punishment because the trial court was prohibited from considering it.

Appellant asserts his trial counsel rendered ineffective assistance when he failed to object to extraneous-offense evidence and testimony regarding statements made by appellant during a polygraph exam admitted during the adjudication phase. [State law] prohibits a defendant from appealing a trial court's decision to proceed with an adjudication of guilt. This prohibition includes claims of ineffective assistance of counsel during the adjudication phase. Accordingly, we dismiss this claim.

*Ex parte Latham*, pp. 67-70 (headings, citations, and footnote omitted).

The state courts found that petitioner failed to meet his burden of proving ineffective assistance of counsel, and denied relief. The Texas Court of Criminal Appeals based its denial of habeas relief on the state courts' findings. This Court has reviewed the entire record, and concludes that the state courts' findings and determinations are supported by the record, reasonably applied the law to the facts consistent with clearly established federal law, and were not objectively unreasonable. The record does not reveal clear and convincing evidence that would rebut the presumption of correctness of the state court's adjudication of petitioner's ineffective assistance claims. It is not the function of a federal habeas court to review a state's interpretation or application of its own laws, *Weeks,* 55 F.3d

at 1063, or sit as a "super state supreme court" to review errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Petitioner fails to demonstrate ineffective assistance of counsel, and habeas relief is denied.

## VII. Certificate of Appealability

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the inmate's underlying constitutional claim, a certificate of appealability should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001). Petitioner has not made the showing necessary for issuance of a certificate of appealability, and a certificate of appealability is denied.

## VIII.  Conclusion

Respondent Dretke's motion for summary judgment (Docket Entry No. 6) is **GRANTED.**  The petition for writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 14th day of March, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE